**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHARI ACOSTA, | |
| *Plaintiff,* | |
| v. | Civil Action No. 1:20-cv-01189-RC |
| DISTRICT OF COLUMBIA, *et al.*, | |
| *Defendants.* | |

**JOINT MEET AND CONFER STATEMENT**

In accordance with Fed. R. Civ. P. 26(f), LCvR 16.3, and the Court's May 26, 2020 Minute Order, Plaintiff Shari Acosta and Defendants District of Columbia (the District) and Michael Spencer submit this Joint Meet and Confer Statement and accompanying proposed scheduling order.

**A.      Brief Statement of the Case**

Plaintiff Shari Acosta is a former Staff Assistant employed by the District of Columbia government.  After she filed a Complaint in the D.C. Human Rights Commission and later in the Superior Court against Michael Spencer, the Chairman of the Rental Housing Commission, she was placed on a detail.  In July 2019 she was informed that she was being returned to work at the Rental Housing Commission.  Plaintiff alleges that, as soon as she returned to work at the RHC, between September 30, 2019 and February 21, 2020, Defendant Spencer changed her work hours to an 8:15 a.m. start time; removed her position from the Union; counseled her for testimony she provided in her employment discrimination case pending in the D.C. Superior Court; suspended her for 20 days; placed her on a Performance Improvement Plan; required her to undergo psychiatric and medical physical fitness for duty examinations; proposed her for termination; and

terminated her employment on May 7, 2020.  Plaintiff contends that, in the two written counseling sessions and the proposal to remove Ms. Acosta, Defendant Spencer admitted that one of his motivations was that he believed she provided false testimony in the D.C. Superior Court proceedings that he sexually harassed her.

Defendants deny any liability or wrongdoing and deny that Plaintiff is entitled to any relief.

**B.**     **Local Rule 16.3(c) Topics**

**1.**     **Dispositive Motions:**  Defendant Spencer has moved to dismiss Plaintiff's Complaint against him for failure to state a claim under Fed. R. Civ. P. 12(b)(6); however, the Parties agree that discovery and other matters need not await a decision on Defendant Spencer's Motion.  Plaintiff intends to seek summary judgment before the completion of discovery, arguing that Defendant Spencer admitted that his discipline and termination of Plaintiff was motivated by her protected activity; Defendants will oppose any such motion and reserve the right to seek a stay of discovery while the motion is pending.

**2.**     **Joinder, Amendment, and Narrowing of Issues:**  As set forth in the proposed scheduling order accompanying this Statement, the Parties request a deadline of June 26, 2020, for the joinder of additional parties and amendment of pleadings.  At this time, the Parties are unaware of any factual or legal issues that can be agreed upon or narrowed.

**3.**     **Assignment to a Magistrate Judge:**  The Parties agree that the case should not be assigned to a magistrate judge for any purpose unless or until the Parties seek assistance with mediation.

**4.**   **Possibility of Settlement:**   Plaintiff recently presented the District with a demand which counsel is discussing with their client agencies.  The Defendants submit that it is currently too early to determine whether settlement is reasonably possible.

**5.**   **ADR:**   As indicated, the Defendants are currently exploring the possibility of settlement; however, it is too early to determine whether the case could benefit from the Court's ADR procedures.  If, as settlement discussions progress, the Parties agree that ADR may be appropriate, counsel will promptly notify the Court and request assistance.

**6.**   **Summary Judgment:**   The Parties expect that some or all of this case may be resolved at summary judgment and have included proposed dates for the filing of summary judgment motions in their competing proposed scheduling orders accompanying this Statement. As noted, Plaintiff has indicated an intention to move prior to the close of discovery for summary judgment, and the District reserves the right to seek a stay of discovery while the motion is pending.

**7.**   **Initial Disclosures:**   The Parties agree to exchange Initial Disclosures under Fed. R. Civ. P. 26(a)(1) by July 2, 2020.

**8.**   **Discovery Plan:**   The Parties agree to conduct discovery in this matter as quickly and efficiently as possible; however, despite best efforts, the Parties were unable to agree on the details of an expedited discovery schedule.  The Parties' individual proposed schedules are attached as Exhibit A (Plaintiff's Proposed Schedule) and Exhibit B (Defendants' Proposed Schedule).  The Parties agree that a protective order governing the exchange of confidential information is appropriate and will submit a proposed protective order as soon as practicable after entry of the discovery schedule.  Otherwise, this Court's civil rules, including the presumptive limits for depositions and written discovery in Fed. R. Civ. P. 30(a)(2)(A)(i) and

33(a), should apply to discovery in this matter.  The District also requests that Plaintiff provide 30 days' notice of any Rule 30 (b)(6) deposition to allow time for the Parties to reach agreement about the scope of the deposition and for District to identify appropriate witness(es).

*Plaintiff's Position in Support of Her Proposed Discovery Schedule:* Plaintiff is committed to moving the case through discovery without delays.  Written discovery will be submitted as soon as the discovery schedule is approved by the court.  Plaintiff anticipates only one or two fact witnesses for depositions, and will designate a medical expert and a financial expert and will submit reports from those experts within 30 days, which will leave Defendants with two months to complete fact and expert discovery.

*Defendants' Position in Support of Their Proposed Discovery Schedule:*  In light of Plaintiff's counsel's representation that Plaintiff intends to retain two Rule 26(a)(2)(B) experts (a medical expert and an economist), Defendants have proposed a phased discovery schedule, with fact and expert discovery proceedings sequentially.  Conducting fact discovery prior to any expert discovery will allow the Parties sufficient opportunity to gather the facts relevant to their experts' analysis through interrogatories and requests for production of documents (*e.g.*, Plaintiff's medical records and financial information) as well as enough time to analyze those facts and make informed decisions about which experts to retain.  The fact discovery period will open upon entry of the schedule and close approximately 90 days later, about *one fifth* the time Plaintiff's Superior Court case was in discovery, for context.  (In the Superior Court matter, the Parties sought five extensions of the original discovery schedule, and no experts were retained.) In this regard, Defendants consider 90 days for fact discovery to be reasonable, if not aggressive. Under Defendants' schedule, Plaintiff would serve expert disclosures two weeks after the close of fact discovery, with Defendants serving disclosures 30 days later, and the remainder of expert

discovery (presumably, four depositions) concluding 30 days from that date.  Under the circumstances, Defendants submit this is a reasonable, expedited discovery schedule.

9.    **ESI:**  The Parties agree to produce ESI either in native format rendered to TIFF images with a cross-reference load file or as text-searchable Adobe PDF files.  In the event metadata is desired by a receiving party but cannot be produced via these methods, the Parties will confer in good faith and attempt to resolve the issue on a case-by-case basis.  The Parties agree that they will establish search parameters, including search terms, custodians, and time periods, and will establish a timetable for production of ESI that takes into consideration the volume of email to be searched and the total number of responsive documents.  The Parties agree to meet and confer to agree on the search parameters and scope including time frame, email boxes to be searched, and search terms before any search is conducted.

10.    **Privileged and Confidential Information:**  As noted, the Parties agree that a protective order governing the exchange of privileged and confidential information is appropriate and will submit a proposed protective order as soon as practicable after entry of the discovery schedule.  The parties will discuss any potential claw-back provision when discussing the terms of their proposed protective order.

11.    **Expert Discovery:**  The Parties agree that expert disclosures should comply with Fed. R. Civ. P. 26(a)(2), and have set forth dates for the exchange of expert reports and for expert depositions in the proposed scheduling orders accompanying this Statement.  Plaintiff proposes that fact and expert discovery occur simultaneously, while Defendants propose that fact and expert discovery proceed sequentially, to allow Defendants sufficient opportunity to gather facts relevant to their experts' analysis (*e.g.*, Plaintiff's financial information and medical information) in advance of engaging any experts.

12.     **Class Action Matters:**  This case is not a class action.

13.     **Bifurcation:**  Defendants submit that discovery should proceed in phases (fact discovery and expert discovery), as described above and in Defendants' proposed scheduling order (Exhibit B).  No other bifurcation is necessary.

14.     **Pretrial Conference Date:**  Plaintiff requests that the Court set a pretrial conference upon entry of the scheduling order.  The Defendants recommend that the Court set a status or pretrial conference date, as necessary, following resolution of motions for summary judgment.

15.     **Trial Date:**   The Plaintiff requests that the Court set a trial date upon entry of the scheduling order.  Plaintiff has advised Defendants that Plaintiff is withdrawing her request for a jury trial and requesting that the matter by tried by the Court.  The Defendants propose that the Court set a trial date, if necessary, at the pretrial conference, and have demanded a jury trial on every issue in this action that is triable of right by a jury.

16.     **Other Matters:**  The District requests that Plaintiff's counsel provide a summary of the fees and costs incurred in this litigation on a bi-monthly basis.  Because this is a matter involving fee-shifting statutes, the District believes it is advantageous to all parties if the District is apprised of the fees and costs Plaintiff is claiming to have accrued on an ongoing basis. Plaintiff objects to providing a summary of fees and costs on a bi-monthly basis.

Date:  June 10, 2020                              Respectfully submitted,

                                                  */s/ David A. Branch*
                                                  DAVID A. BRANCH [438764]
                                                  Law Office of David A. Branch & Assocs., PLLC
                                                  1828 L Street, N.W., Suite 820
                                                  Washington, D.C. 20036
                                                  Phone:  (202) 785-2805
                                                  Fax:  (202) 785-0289
                                                  Email:  davidbranch@dbranchlaw.com

*Counsel for Plaintiff Shari Acosta*

-and-

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Alicia M. Cullen*
ALICIA M. CULLEN [1015227]
Chief, Civil Litigation Division, Section III

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
MICHELLE G. HERSH [980087]
ELIZABETH G. SLOVER [1672054]
Assistant Attorneys General
441 Fourth Street, N.W., Suite 630S
Washington, D.C. 20001
Phone:  (202) 442-9774
Fax:  (202) 730-0586
Email:  matthew.blecher@dc.gov

*Counsel for Defendants District of Columbia
and Michael Spencer*

# EXHIBIT A: PLAINTIFF'S PROPOSED ORDER

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SHARI ACOSTA,

    *Plaintiff*,

    v.

DISTRICT OF COLUMBIA, *et al.*,

    *Defendants.*

Civil Action No. 1:20-cv-01189-RC

## ORDER

Upon consideration of the Parties' Joint Meet and Confer Statement and the entire record, it is hereby **ORDERED** that the following schedule shall govern future proceedings in this case:

| | |
|---|---|
| Deadline for Joinder and Amendment of Pleadings: | June 26, 2020 |
| Deadline to Serve Initial Disclosures: | July 2, 2020 |
| Deadline for Plaintiff to Serve Expert Disclosures: | July 6, 2020 |
| Deadline for Defendants to Serve Expert Disclosures: | August 6, 2020 |
| All Discovery Closed: | September 8, 2020 |
| Deadline for Motions for Summary Judgment: | September 23, 2020 |
| Status/ Pretrial Hearing: | November 23, 2020 |
| Trial: | Week of December 14, 2020 |

It is further **ORDERED** that Plaintiff shall provide Defendants at least 30 days' notice of any Rule 30 (b)(6) deposition to allow time for the Parties to reach agreement about the scope of the deposition and for the District of Columbia to identify appropriate witness(es); and it is further

**ORDERED** that Plaintiff shall provide an accounting of her fees and costs to Defendants every two months, beginning 60 days from the date of this Order.

**SO ORDERED.**

Date: _____

_____
RUDOLPH CONTRERAS
United States District Judge

# EXHIBIT B: DEFENDANTS' PROPOSED ORDER

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHARI ACOSTA,

     *Plaintiff,*

     v.

DISTRICT OF COLUMBIA, *et al.*,

     *Defendants.*

Civil Action No. 1:20-cv-01189-RC

## <u>ORDER</u>

Upon consideration of the Parties' Joint Meet and Confer Statement and the entire record, it is hereby **ORDERED** that the following schedule shall govern future proceedings in this case:

| | |
|---|---|
| Deadline for Joinder and Amendment of Pleadings: | June 26, 2020 |
| Deadline to Serve Initial Disclosures: | July 2, 2020 |
| Fact Discovery Closed | September 8, 2020 |
| Deadline for Plaintiff to Serve Expert Disclosures: | September 22, 2020 |
| Deadline for Defendants to Serve Expert Disclosures: | October 22, 2020 |
| All Discovery Closed: | November 23, 2020 |
| Deadline for Motions for Summary Judgment: | December 14, 2020 |
| Status/ Pretrial Hearing: | To be set by Court (if necessary) after summary judgment |
| Trial: | To be set by Court (if necessary) at the status/ pretrial hearing |

It is further **ORDERED** that Plaintiff shall provide Defendants at least 30 days' notice of any Rule 30 (b)(6) deposition to allow time for the Parties to reach agreement about the scope of

the deposition and for the District of Columbia to identify appropriate witness(es); and it is further

       **ORDERED** that Plaintiff shall provide an accounting of her fees and costs to Defendants every two months, beginning 60 days from the date of this Order.

       **SO ORDERED.**

Date: _____          _____

                                       RUDOLPH CONTRERAS
                                       United States District Judge