UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHARI ACOSTA, | : | |
| | : | |
|     Plaintiff, | : | Civil Action No.:   20-1189 (RC) |
| | : | |
| v. | : | Re Document No.:   23 |
| | : | |
| DISTRICT OF COLUMBIA, *et al.*, | : | |
| | : | |
|     Defendants. | : | |

### MEMORANDUM OPINION

GRANTING DEFENDANT MICHAEL SPENCER'S MOTION TO DISMISS

### I. INTRODUCTION

Plaintiff Shari Acosta, a former employee of the District of Columbia's Department of Housing and Community Development, has brought this action against the District of Columbia and Michael Spencer, the Chairman of the District's Rental Housing Commission, alleging that she experienced workplace retaliation for protected acts while working for Defendant Spencer and that she was ultimately terminated from her position, all in violation of the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401 *et seq*. Spencer has now moved to dismiss the claim against him, arguing that he enjoys immunity from suit for actions taken in his capacity as Chairman of the Rental Housing Commission under D.C. Code § 42-3502.02a. Judge William M. Jackson of the District of Columbia's Superior Court has already considered this issue in Acosta's parallel Superior Court action, and determined that Spencer is indeed entitled to immunity from suit under D.C. Code § 42-3502.02a. Consequently, the Court finds that the doctrine of issue preclusion bars relitigation of this issue here, and accordingly will dismiss Acosta's DCHRA retaliation claim against Spencer.

## II.  FACTUAL BACKGROUND[1]

### A.  Acosta's Employment at the D.C. Rental Housing Commission ("RHC")

Plaintiff Acosta began her employment with the District of Columbia Department of Housing and Community Development ("DHCD") as a Staff Assistant in 2001.  Compl. ¶ 4, ECF No. 1.  Beginning in 2011, Acosta was assigned to provide administrative support to the RHC, an independent, quasi-judicial body composed of three Commissioners that is charged with implementing the Rental Housing Act of 1985.  *Id.*  Defendant Michael Spencer serves as the Chairman of the RHC.  *Id.* ¶ 5.

In July 2017, Acosta filed an internal complaint with the DHCD alleging that Spencer had treated her in an abusive manner while in the presence of her granddaughter.  *Id.* ¶ 6.  Acosta then filed a complaint against Spencer with the D.C. Office of Human Rights ("OHR") in December 2017 and then again in January 2018.  *Id.*  In July 2018, Acosta withdrew her OHR complaint and filed a three-count complaint in the D.C. Superior Court against Spencer and the District of Columbia.  *Id.* ¶ 7.  The Superior Court complaint alleged, pursuant to the DCHRA, one count of discrimination and a hostile work environment, one count of retaliation, and one count of interference with and retaliation against her use of medical leave in violation of the D.C. Family Medical Leave Act.  *Id.*  During the same month, DHCD Deputy Director Allison Ladd placed Acosta on a 120-day detail away from the RHC and no longer under Spencer's supervision.  *Id.* ¶ 8.  Acosta returned to work at the RHC on September 30, 2019.  *Id.* ¶ 21.  Within a week of her return, Spencer sent her a counseling memorandum containing complaints about her work performance, including a complaint about her use of the restroom.  *Id.* ¶ 23.

---

[1] On a motion to dismiss for failure to state a claim, the Court accepts as true the factual allegations in the complaint and construes them liberally in the Plaintiff's favor.  *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).

Acosta also alleges several incidents of harassment by Spencer between her return to the RHC and her termination in May 2020, including that Spencer required Acosta to begin her work day at a time that interfered with her responsibilities as a caretaker. *Id*. ¶¶ 18–19. In November 2019, Spencer suspended Acosta for twenty days. *Id.* ¶ 24. In December 2019, Spencer placed Acosta on a Performance Improvement Plan, and in January 2020, he ordered Acosta to submit to medical and psychiatric evaluation to determine her fitness for duty. *Id.* ¶¶ 24–26.

On February 21, 2020, Spencer issued Acosta an Advance Notice of Proposed Termination. *Id.* ¶ 28. Following the agency determination process, Spencer issued in May 2020 a Final Agency Decision terminating Acosta's employment. *Id.* ¶ 30.

### B. Procedural History

Prior to filing a complaint with this Court, in July 2018 Plaintiff Acosta filed a three-count complaint with the D.C. Superior Court against the District of Columbia and Spencer. Compl. ¶ 7. On February 28, 2019, D.C. Superior Court Judge William M. Jackson issued an order granting in part Defendants' partial motion to dismiss. *See* Order Granting in Part Partial Mot. Dismiss ("Sup. Ct. Order") at 2, ECF No 23-1. Judge Jackson dismissed Spencer from the case, finding that Spencer was immune from suit in his individual capacity under D.C. Code § 42-3502.02a. *Id.* Judge Jackson reviewed the language of D.C. Code § 42-3502.02a, which states in relevant part, that "[m]embers and staff of the Rental Housing Commission shall not be subject to liability for their official acts." *Id.* (citing D.C. Code § 42-3502.02a). In light of this text, Judge Jackson went on to reason that, "[i]t is undisputed that defendant Michael Spencer is the Chairman of the Rental Housing Commission. Therefore, defendant Spencer is protected under the statute and cannot be sued in his individual capacity in this case. Accordingly, he will be dismissed as a defendant." *Id.*

Acosta filed her Complaint in the instant action on May 7, 2020. *See generally* Compl. This Court has previously rejected her motions for injunctive relief. *See* Min. Order (May 13, 2020) (denying Acosta's motion for a temporary restraining order to maintain her employment for the duration of the case); *Acosta v. Dist. of Columbia Gov't*, 20-cv-1189, 2020 WL 2934820, at *2–5 (D.D.C. June 3, 2020) (denying Acosta's motion for a preliminary injunction, after finding that she could not demonstrate irreparable harm).

Spencer has now moved to be dismissed as a defendant in this case, again arguing that under D.C. Code § 42-3502.02a he is immune from suit for actions taken in his official capacity as RHC Chairman. *See* Def. Michael Spencer's Mot. to Dismiss Pl.'s Compl. ("Def.'s Mot."), ECF No. 23. He also contends that under the doctrine of issue preclusion Judge Jackson's finding on this issue is binding on the Court. *Id.* Acosta has filed an opposition, *see* Pl.'s Mem. of P. & A. in Opp'n to Def.'s Michael Spencer's Mot. Dismiss Compl. ("Pl.'s Opp'n"), ECF No. 30, and Spencer has filed his reply, *see* Def.'s Reply Supp. Mot. Dismiss Pls.' Am. Compl. ("Def.'s Reply"), ECF No. 32. The motion is now ripe for consideration.

### III. LEGAL STANDARD

To prevail on a motion to dismiss for failure to state a claim, a plaintiff must provide a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all

4

the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (citations omitted). In considering such a motion, the complaint must be construed "liberally in the plaintiff's favor with the benefit of all reasonable inferences derived from the facts alleged." *Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits, but rather "tests the legal sufficiency of a complaint" by asking whether the plaintiff has properly stated a claim for which relief can be granted. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint does not state a legally valid claim when the claim in question is "barred by the doctrine of issue preclusion." *Yanping Chen v. Fed. Bureau of Investigation*, 435 F. Supp. 3d 189, 193 (D.D.C. 2020).

"In determining whether a complaint fails to state a claim, [the Court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Schl.*, 117 F.3d 621, 624 (D.C. Cir. 1997). The Court, when "determining whether issue preclusion exists. . . may take judicial notice of 'all relevant facts [that] are shown by the [C]ourt's own records,' as well as 'public records from other proceedings.'" *Budik v. Ashley*, 36 F. Supp. 3d 132, 142 (D.D.C. 2014) (cleaned up) (quoting *Hemphill v. Kimberly-Clark Corp.*, 530 F. Supp. 2d 108, 111 (D.D.C. 2008)).

## IV.  ANALYSIS

Spencer has moved to dismiss Acosta's DCHRA retaliation claim against him, arguing that such a claim is barred due to his absolute immunity from suit under D.C. Code § 42-3502.02a for his official acts as RHC Chairman. Def.'s Mot. at 5. Spencer further asserts that

the Court need not even engage in an analysis of this statutory grant of immunity, as Judge Jackson of D.C.'s Superior Court has "already reached this conclusion" and dismissed similar claims previously brought against him in Acosta's parallel Superior Court proceeding. *Id.* at 6. He contends that Judge Jackson's decision is entitled to preclusive effect, necessitating the dismissal of the claim against him. *Id.* Acosta disputes this argument, urging the Court to instead find that Judge Jackson's order deciding the issue was not a "valid and final judgment" and thus not entitled to preclusive effect. Pl.'s Opp'n at 9. After conducting the relevant analysis, as detailed below, the Court finds that the application of issue preclusion is required here. Accordingly, the Court will grant Spencer's motion to dismiss.

**A. The Doctrine of Issue Preclusion Bars Acosta's Retaliation Claim Against Spencer**

As already detailed, Judge Jackson of the D.C. Superior Court has previously considered the issue of Spencer's immunity under D.C. Code § 42-3502.02a, and concluded that the provision bars Acosta's DCHRA retaliation claim against him. *See* Sup. Ct. Order at 2 ("[I]t is clear to the Court that defendant Michael Spencer must be dismissed from the case . . ."). Because "[c]ollateral estoppel is a threshold issue," the Court is obligated to first determine if the doctrine's application is appropriate here. *WMATA v. Local 2, Office and Prof'l Emps. Intern. Union, AFL–CIO*, 965 F.Supp.2d 13, 22 (D.D.C. 2013) (citation omitted).

Issue preclusion, also referred to as "collateral estoppel," "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001)). The doctrine rests on the rationale that "orderliness and reasonable time saving in judicial administration require" that "a party who has had one fair and full opportunity to prove a

claim and has failed in that effort, should not be permitted to go to trial on the merits of that claim a second time." *Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324–25 (1971).

In this Circuit, a prior determination of an issue in a "valid and final judgment" has preclusive effect when the following three elements are met:

> First, the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case. Second, the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case. Third, preclusion in the second case must not work a basic unfairness to the party bound by the first determination.

*Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992). The party invoking the doctrine, here Defendant Spencer, bears the burden of establishing each of its elements. *See Democratic Cent. Comm. v. Wash. Metro. Transit Comm'n*, 842 F.2d 402, 409 (D.C. Cir. 1988). Once an issue is determined to have preclusive effect, a court "does not review the merits of the determinations in the earlier litigation." *Consol. Edison Co. of New York v. Bodman,* 449 F.3d 1254, 1257 (D.C. Cir. 2006). Indeed, the D.C. Circuit has held that "even a 'patently erroneous' first judgment is insufficient to bar issue preclusion." *Canonsburg Gen. Hosp. v. Burwell*, 807 F.3d 295, 306 (D.C. Cir. 2015) (quoting *Otherson v. Dep't of Justice*, 711 F. 2d 267, 277 (D.C. Cir. 1983)). This is because "[a] court's power to decide a case is independent of whether its decision is correct, which is why even an erroneous judgment is entitled to res judicata effect." *City of Arlington, Tex. v. F.C.C.*, 569 U.S. 290, 297 (2013); *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) ("There is simply 'no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata.'") (quoting *Heiser v. Woodruff*, 327 U.S. 726, 733 (1946)). Consequently, when the relevant preconditions are met, a court must give an issue determined in a prior judgment preclusive effect.

The determination at issue here concerning Spencer's immunity from suit under D.C. Code § 42-3502.02a satisfies all three elements of the *Yamaha* test.  First, the same question at issue before this Court—of Spencer's immunity under D.C. Code § 42-3502.02a against DCHRA retaliation claims— was previously raised, contested and determined in Acosta's Superior Court action, fulfilling the first element.  To qualify as actually litigated, an issue must have been "properly raised, by the pleadings or otherwise, and . . . submitted for determination." Restatement (Second) of Judgments ("Restatement") § 27 cmt. d (Am. Law Inst. 1982); *see also B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015) ("The Court . . . regularly turns to the Restatement (Second) of Judgments for a statement of the ordinary elements of issue preclusion.").  It is abundantly clear that the issue of Spencer's immunity under D.C. Code 42-3502.02a. was presented and contested by the parties in Superior Court.  On November 9, 2018, Spencer submitted a motion to dismiss in Superior Court urging Judge Jackson to "dismiss [Acosta's] individual capacity suit against Commissioner Michael Spencer because it is barred by D.C. Code 42-3502.02a."  *See* Defs.' Dist. of Columbia and Michael Spencer's Part. Mot. to Dismiss the Compl. at 6, *Acosta v. Dist. of Columbia*, No. 2018 CA 005008B (D.C. Super. Ct. Nov. 9, 2018).  Acosta disputed this argument in her opposition brief, contending that Defendant Spencer's actions "are not covered by the immunity" conferred under D.C. Code 42-3502.02a. *See* Pl.'s Mem. of P. & A. in Opp'n to Defs.' Part. Mot. to Dismiss the Compl. at 8, *Acosta v. Dist. of Columbia*, No. 2018 CA 005008B (D.C. Super. Ct.  Dec. 7, 2018).[2]  Accordingly, this

---

[2] The fact that Acosta now provides slightly more fleshed out arguments from those she previously submitted to the Superior Court on this issue is of no import to the preclusion analysis.  "If a new legal theory or factual assertion put forward in the second action is related to the subject-matter and relevant to the issues that were litigated and adjudicated previously, so that it could have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged." *Yamaha Corp.*, 961 F.2d at 257–58 (quoting James

issue was properly raised, contested, and submitted for judgment in Acosta's Superior Court proceedings.

The second element of the test is also satisfied given that the issue of Spencer's liability was "actually and necessarily determined by a court of competent jurisdiction in [the] prior case." *Yamaha Corp.*, 961 F.2d at 254.  After the submission of briefs by the parties concerning the same issue that is now before this Court—Spencer's liability for a DCHRA retaliation claim— Judge Jackson concluded in a written opinion that because Spencer "is Chairman of the Rental Housing Commission . . . [he] is protected under the statute and cannot be sued in his individual capacity," granting Defendants' motion to dismiss.  Sup. Ct. Order at 2.  The Superior Court of D.C. is "unquestionably a court of 'competent jurisdiction.'"  *Crockett v. Mayor of Dist. of Columbia*, 279 F. Supp. 3d 100, 111 (D.D.C. 2017).[3]  Thus, the issue of Spencer's immunity under D.C. Code 42-3502.02a has been "actually and necessarily determined," fulfilling the second element as well.

The third and final element of the *Yamaha* test is also met, as preclusion of this issue does "not work a basic unfairness" to Acosta given that she had the opportunity to litigate this issue fully against Spencer in Superior Court.  *See Yamaha Corp.*, 961 F.2d at 254.  As the D.C. Circuit has explained, "if the parties have the same incentive to litigate in both the earlier and the

---

Wm. Moore, Jo Desha Lucas & Thomas S. Currier, 1B Moore's Federal Practice ¶ 0.443(2) at 760–61 (1988)).

[3] It is settled that federal courts, when hearing a controversy that has previously been resolved by a state-court judgment, "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see also* 28 U.S.C. § 1738 ("Judicial proceedings . . . shall have the same full faith and credit in every court within the United States.").

subsequent litigation, if there is no change in the controlling law and if there is no concern about procedural defects in the first litigation, the application of issue preclusion is unlikely to result in a 'compelling' showing of unfairness to the party against which it is asserted." *Burwell*, 807 F.3d at 306.  None of these concerns are present here.  Acosta had equally strong incentives to litigate this issue before Judge Jackson as before this Court—a fact courts recognize, as this element rarely applies when "[t]he party to be bound . . . is the plaintiff," as is the case here. *McLaughlin v. Bradlee*, 803 F.2d 1197, 1202 n.1 (D.C. Cir. 1986).  There has also been no change in the controlling law nor are there any concerns of procedural defects in Judge Jackson's determination.  While Judge Jackson's order on the issue is admittedly quite succinct, this has no bearing on the analysis as "it is the prior *judgment* that matters, not the court's opinion explicating the judgment." *Yamaha Corp.*, 961 F.2d at 254 (noting that "[e]ven in the absence of *any* opinion a judgment bars relitigation of an issue necessary to the judgment.") (citation omitted and emphasis added).  And as discussed, even a "patently erroneous" judgment by the Superior Court would not demonstrate unfairness sufficient for this Court to decline to give the prior finding preclusive effect.  *Otherson*, 711 F.2d at 277.  In short, Acosta cannot demonstrate any unfairness under this element.

    Acosta does not dispute any of the three core elements of the issue preclusion analysis.  Instead, she posits that the Superior Court's determination of this issue, in a motion to dismiss, was not a "final and appealable order" as the case remained pending against the other defendant, and accordingly does not deserve preclusive effect.  Pl.'s Opp'n at 9.  The Court finds this

argument unavailing, particularly in light of subsequent developments in Acosta's Superior Court case and the inapposite cases Acosta relies on.[4]

Acosta insinuates that Judge Jackson's order determining the extent of Spencer's immunity under D.C. Code 42-3502.02a was not final because the case remained ongoing as to her claims against the D.C. government. The Restatement, however, explicitly notes that "[a] judgment may be final in a res judicata sense as to a part of an action although the litigation continues as to the rest." Restatement § 13 cmt. e. Furthermore, even if Acosta's argument had merit, a review of the D.C. Superior Court public docket shows that her Superior Court case has since been dismissed in full following the entry of an order granting summary judgment for Defendants. *See Acosta v. Dist. of Columbia*, No. 2018 CA 005008B (D.C. Super. Ct. Jan. 11, 2021).[5] This entry of summary judgment "adjudicat[ed] all the claims and all the parties' rights and liabilities," and thus provided the requisite finality as to Judge Jackson's earlier dismissal of Spencer from the case. D.C. Super. Ct. R. Civ. P. 54(b). Accordingly, Judge Jackson's determination of Spencer's immunity under D.C. Code 42-3502.02a constitutes a final judgment.

---

[4] The authorities invoked by Acosta to support her argument stand for the general proposition that a *denial* of a motion to dismiss is not final and appealable, and is thus not entitled to preclusive effect. Pl.'s Opp'n at 9 (quoting *Robertson v. Cartinhour*, 711 F. Supp. 2d 136 (D.D.C. 2010), and *Kaplan v. Bollt*, 158 A.2d 680 (D.C. 1960)) (emphasis added). But it is the Superior Court's *grant* of a motion to dismiss and resulting dismissal of claims against Spencer that is at issue here, rendering these authorities inapposite.

[5] The Superior Court docket also reflects that Acosta has recently moved to appeal Judge Jackson's order granting summary judgment. This, however, has no bearing on the finality determination for issue preclusion purposes, as "a judgment otherwise final remains so despite the taking of an appeal . . ." Restatement § 13 cmt. f; *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.,* 170 F.3d 1373, 1380-81 (Fed. Cir. 1999) ('[T]he law is well settled that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding."); *see also Nat'l Post Off. Mail Handlers, Watchmen, Messengers, & Grp. Leaders Div. of Laborers' Int'l Union of N. Am., AFL-CIO v. Am. Postal Workers Union, AFL-CIO*, 907 F.2d 190, 192 (D.C. Cir. 1990) (noting that the "federal rule is to grant preclusive effect to [a] final judgment even when [an] appeal is pending").

Consequently, with the *Yamaha* preconditions met, the Court finds that under the doctrine of issue preclusion it must recognize Judge Jackson's prior determination of this issue and dismiss Acosta's DCHRA retaliation claim against Spencer.

## V.  CONCLUSION

For the foregoing reasons, Defendant Spencer's motion to dismiss (ECF No. 23) is **GRANTED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  March 15, 2021                                                                  RUDOLPH CONTRERAS
                                                                                                      United States District Judge